IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDRICK R. BACA,

    Plaintiff,

vs.                                                                                                     No. 2:19-cv-00570-KWR-GBW

CLOVIS POLICE DEPARTMENT, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Fredrick Baca's Amended Prisoner Civil Rights Complaint (Doc. 13). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* He appears to raise claims for excessive force and "breach of duty of first responder." Having reviewed the Amended Complaint under 28 U.S.C. § 1915(e), the Court finds Plaintiff states a claim for excessive force but will dismiss the remaining claims.

## BACKGROUND

In his original complaint, Plaintiff alleged that Clovis Police Officer Timo Rosenthal used excessive force during an arrest. (Doc. 1 at 2). Officer Rosenthal purportedly slammed Plaintiff to the ground and fractured his right clavicle. *Id.* Plaintiff contends that an unidentified EMT failed to treat the injury at the time of the arrest. *Id.* When Plaintiff later visited the Plains Regional Medical Center (the "Hospital"), a doctor stated the injury was a "mild deformity." *Id.* This diagnosis was apparently incorrect. *Id.* About two weeks later, another doctor identified three fractures in Plaintiff's clavicle. *Id.* Plaintiff underwent surgery, where doctors inserted a metal plate and five pins to hold his clavicle together. *Id.*

The Court reviewed the original complaint and determined that while the excessive force

claims survive initial review, the remaining allegations failed to state a federal claim. By an Order entered July 20, 2020, the Court directed Plaintiff to file an amended complaint. (Doc. 10). Plaintiff was warned that the amended complaint must provide the name of the EMT and any doctor-defendants "to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). The ruling emphasized that if "various officials have taken different actions with respect" to Plaintiff, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).

The ruling also expressed skepticism that the Hospital and its employees can be sued under 42 U.S.C. § 1983. "[S]ection 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. Of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Hospital is a division of Presbyterian Medical Group, a private medical system, and the Tenth Circuit recently affirmed the dismissal of a § 1983 claim against Presbyterian Hospital because it "did act under color of state law." *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. App'x 680, 685 (10th Cir. 2019). Accordingly, the Court noted that any amended complaint must demonstrate the Hospital and its doctors are state actors. Even if the Hospital could qualify as a state actor, Plaintiff was also warned that an entity can only be liable under § 1983 if it promulgates an "official policy... that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003).

Plaintiff filed the Amended Complaint on September 21, 2020. (Doc. 13). He again alleges Officer Rosenthal yanked him from a vehicle and slammed him to the ground, breaking his clavicle. Construed liberally, the Amended Complaint also appears to name: (1) the Clovis Police

Department; (2) the Hospital; (3) Dr. Karla Garcia Espinosa, a doctor "employed by Presbyterian Plains Regional Medical Center," (*i.e.,* the Hospital); and (4) an unspecified EMT. The Amended Complaint raises claims for excessive force, discrimination, profiling, and "breach of duty as a first responder" against Officer Rosenthal and the City of Clovis. It also appears to raise the "breach of duty" claim against the remaining Defendants. The "breach of duty" claim appears to raise a state law cause of action, but Plaintiff filed the Amended Complaint using the form 42 U.S.C. § 1983 complaint. The Court liberally construes the Amended Complaint to raise § 1983 claims and state law claims against all Defendants.

## DISCUSSION

As previously noted, Plaintiff's allegations against Office Rosenthal warrant additional investigation. The Court will direct the Clerk's Office to serve notice and waiver of service forms on Officer Rosenthal and the City of Clovis, in place of the Clovis Police Department. "[P]olice departments … are not suable entities under § 1983, because they lack legal identities apart from the municipality." *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, *2 (10th Cir. 1992) (unpublished). *See also Henry v. Albuquerque Police Dep't*, 49 Fed. App'x 272, 273 n.1 (10th Cir. 2002) (same).

With respect to the remaining Defendants, Plaintiff's § 1983 claims do not survive initial review. The Amended Complaint does not identify the unnamed EMT, as directed. "[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants" so that the Court can "effectuate service, … even when the plaintiffs are in prison." *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013). At the very least, a pleading must contain some kind of "adequate description … which is sufficient to identify the person involved so process eventually can be

3

served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). *See also Mayfield*, 772 Fed. App'x 680, 686 (10th Cir. 2019) (district court properly dismissed claims against a "John Doe [Bernalillo County Sheriff's Department] officer" because the complaint did not contain enough information to effectuate service). Plaintiff was given an opportunity to provide the name of the EMT, but the Amended Complaint merely alleges he was "unable to retrieve documentation[]" regarding the EMT's identity. This allegation provides no information about what efforts, if any, Plaintiff made to obtain the name. The information in the Amended Complaint is also insufficient to identify the EMT, as Plaintiff fails to indicate whether he works for a public or private ambulance company. The Court will therefore dismiss all § 1983 claims against the unnamed EMT.

Plaintiff's § 1983 claims against the Hospital also fail. The Amended Complaint confirms the Hospital is a division of Presbyterian, and there is no indication it acted under color of state law. *See Mayfield*, 772 Fed. App'x at 685 (Presbyterian Hospital is not a state actor under § 1983). There are also no facts demonstrating any constitutional violation is traceable to an official policy by the Hospital, as required by the prior Order and Tenth Circuit law. *See* Doc. 10; *Dubbs*, 336 F.3d at 1216. Similarly, while Plaintiff checked a box indicating Dr. Garcia Espinosa is a state actor, the Amended Complaint goes on to say she is a doctor at the private Hospital. (Doc. 13 at 2). Dr. Garcia Espinosa is therefore not liable under § 1983. The Court observes that even if she could be liable under § 1983, the allegations do not demonstrate deliberate indifference to medical needs. Both the original pleading and the Amended Complaint allege that Dr. Garcia Espinosa stated Plaintiff had a mild deformity when he in fact had a fractured clavicle. It is well established that the negligent misdiagnosis of a serious medical condition does not violate the constitution. *See Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir.1999) (the "negligent failure to

4

provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation"); *Self v. Crum,* 439 F.3d 1227, 1232 (10th Cir. 2006) (addressing negligent misdiagnosis); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (finding no deliberate indifference where the defendant misdiagnosed inmate).

Having determined the Amended Complaint fails to state a § 1983 claim against the unnamed EMT, the Hospital, or Dr. Garcia Espinosa, the Court will consider whether to exercise supplemental jurisdiction over any state claims against those Defendants. Beyond § 1983, the Amended Complaint states the EMT, Hospital, and Dr. Garcia Espinosa breached "the duty of a first responder." (Doc. 13 at 3-4). Plaintiff also seeks damages for "stat[e] law violation[s]." *Id.* at 7. The Court discerns Plaintiff intends to raise state claims for common law negligence and/or violation of the New Mexico Tort Claims Act based on the medical care he received after his arrest. Federal courts have supplemental jurisdiction over state claims that "derive from a common nucleus of operative fact" as the federal claims. *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). A district court may decline to exercise jurisdiction when:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). Whether to exercise supplemental jurisdiction "is not a matter of the litigants' right, but of judicial discretion." *Estate of Harshman*, 379 F.3d at 1165.

Plaintiff's state medical claims have little or no relation to his federal claims. The remaining federal claims are against Officer Rosenthal and the City of Clovis for excessive force, profiling, and discrimination. They involves events which occurred between Rosenthal and Plaintiff, before

medical providers arrived on the scene. The state law claims against the EMT, Hospital, and Dr. Garcia Espinosa involve the medical care plaintiff received after the arrest. Accordingly, the state law claims are not "so related to [the remaining federal claim] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). *See Cook v. Olathe Med. Ctr., Inc.,* 2011 WL 2790183, at *1 (D. Kan. July 14, 2011) (declining to exercise supplemental jurisdiction over state claims against medical defendants where the only remaining federal claim focused on the manner of plaintiff's arrest); *Moss v. Schimp*, 2020 WL 1637836, at *2 (S.D. Ill. Apr. 2, 2020) (addressing supplemental jurisdiction, and noting: "state medical malpractice claim against the doctor and director is unrelated to the remaining use of force claim against the officers because it involves different defendants and facts"). The Court declines to exercise supplemental jurisdiction over any state claims against the EMT, the Hospital, or Dr. Garcia Espinosa.

In sum, the Court will exercise jurisdiction over all claims in the Amended Complaint against Officer Rosenthal and the City of Clovis. The Court will provide notice of the Amended Complaint and, if necessary, effectuate service on those Defendants. Once Officer Rosenthal and the City of Clovis file an answer, the claims will be referred to the assigned Magistrate Judge for further investigation. To the extent the Amended Complaint raises § 1983 claims against the EMT, the Hospital, or Dr. Garcia Espinosa, such § 1983 claims will be dismissed with prejudice for failure to state a cognizable claim. Any state law claims against the EMT, the Hospital, or Dr. Garcia Espinosa will be dismissed without prejudice to Plaintiff filing those claims in state court.[1]

**IT IS ORDERED** that the Clerk shall **ISSUE** notice and waiver of service forms, with

---

[1] The Court elects to dismiss the state claims against the EMT, the Hospital, and Dr. Garcia Espinosa – rather than remanding the claims – because Plaintiff initiated this case in Federal Court. This case is not a removal proceeding.

copies of the Amended Complaint (Doc. 13), to Officer Timo Rosenthal and the City of Clovis, on behalf of the Clovis Police Department.  The Clerk may send the forms to the following addresses:

> City Clerk, City of Clovis
> 321 N. Connelly St., Clovis, NM 88101
>
> Officer Timo Rosenthal, Clovis Police Department
> 300 N. Connelly St., Clovis, NM 88101

**IT IS FURTHER ORDERED** that to the extent the Amended Complaint raises 42 U.S.C. § 1983 claims against Defendants Unnamed EMT, the Presbyterian Plains Regional Medical Center, and Dr. Karla Garcia Espinosa, those federal claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that to the extent the Amended Complaint raises state law claims against Defendants Unnamed EMT, the Presbyterian Plains Regional Medical Center, and Dr. Karla Garcia Espinosa, the Court declines to exercise supplemental jurisdiction, and those state claims are **DISMISSED WITHOUT PREJUDICE**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE