IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FREDERICK R. BACA,

    Plaintiff,

v.                                                                 Civ. No. 19-570 KWR/GBW

CLOVIS POLICE DEPARTMENT, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Defendant City of Clovis's Motion to Dismiss (*doc. 17*) and Motion to Strike Plaintiff's (Second) Amended Complaint (*doc. 23*), pursuant to the Court's Order of Reference (*doc. 15*). Having reviewed the Motions and the related pleadings (*doc. 13, 22*), I recommend GRANTING in part and DENYING in part the Motion to Dismiss and GRANTING IN PART the Motion to Strike.

**I.**    **BACKGROUND**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated the present suit on June 17, 2019, asserting claims pursuant to 42 U.S.C. § 1983. *Doc. 1*. On July 20, 2020, the Court filed an Order Directing Amendment, requiring Plaintiff to clarify the scope of his claims and to use the Court's official § 1983 form complaint. *Doc. 10*. On September 21, 2020, Plaintiff filed his Amended Complaint. *Doc. 13*. Count I of the Amended Complaint raises claims of excessive force, discrimination, and profiling. *Id.*

at 4. The facts alleged in support of these claims all relate to the conduct of Defendant Timo Rosenthal, a police officer with the Clovis Police Department. *Id.* at 1, 4. In Count II, Plaintiff raises a claim of "breach of duty as a first responder." *Id.* at 4. The facts alleged in support of this claim relate to conduct by Defendant Rosenthal, an unnamed emergency medical technician, Plains Regional Medical Center, and Karla Garcia Espinosa. *Id.* at 4–5.

On October 20, 2020, the Court filed a Memorandum Opinion and Order reviewing Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e). *Doc. 14*. Liberally construing the Amended Complaint, the Court determined that Count I raises a claim under federal law pursuant to 42 U.S.C. § 1983 while Count II raises a claim under state law. *Id.* at 5–6. The Court found that the allegations against Defendant Rosenthal "warrant[ed] additional investigation" and directed the issuance of notice and waiver of service forms against Defendant Rosenthal and Defendant City of Clovis (standing in for the Clovis Police Department). *Id.* at 3. The Court dismissed all claims against the unnamed emergency medical technician, Plains Regional Medical Center, and Karla Garcia Espinosa. *Id.* at 7. The Court determined that Plaintiff had failed to adequately allege that these Defendants were state actors subject to liability under § 1983 and declined to exercise supplemental jurisdiction over the state law claims against them. *Id.* at 4–6.

On November 10, 2020, Defendant City of Clovis returned an executed waiver of service form. *Doc. 16*. On November 13, 2020, it filed a Motion to Dismiss. *Doc. 17*. Subsequently, Plaintiff filed a document captioned "Amended Complaint." *Doc. 22*. On December 22, 2020, Defendant City of Clovis filed a Motion to Strike Plaintiff's (Second) Amended Complaint. *Doc. 23*. On January 8, 2021, Defendant City of Clovis filed a Notice of Completion of Briefing on its Motion to Strike, noting Plaintiff's failure to respond. *Doc. 24*.

**II.   MOTION TO DISMISS**

    **A. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). When applying the standard, the Court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723

(quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the Court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A complaint need only "raise a right to relief above the speculative level on the assumption that all [its] allegations … are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B. <u>Analysis</u>**

Defendant City of Clovis brings its Motion to Dismiss "only . . . to test whether, even if true, the allegations made [by Plaintiff] state a claim against the municipality under federal law." *Doc. 17* at 2. As Defendant City of Clovis points out, municipalities cannot be held liable for the acts of their employees under 42 U.S.C. § 1983 on the basis of a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Instead, "[a] plaintiff

4

suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). The challenged policy or custom may take different forms. *See Cacioppo v. Town of Vail*, 528 F. App'x 929, 931–32 (10th Cir. 2013) (unpublished). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). For liability to attach, the plaintiff must demonstrate a "direct causal link between the custom or policy and the violation alleged." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (internal citations omitted). Generally, a "single incident of unconstitutional activity is not sufficient to impose liability" under *Monell*. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff does not identify any policy or custom of Defendant City of Clovis (and/or Clovis Police Department) that was the moving force of any alleged violation of his constitutional rights. In fact, Plaintiff does not allege any conduct by Defendant City of Clovis (and/or Clovis Police Department) at all. All of Plaintiff's live claims are focused on the conduct of Defendant Rosenthal. Plaintiff alleges that, on or about

5

January 5, 2019, Defendant Rosenthal stopped a vehicle in which Plaintiff was a passenger and recognized Plaintiff from their prior acquaintance. *Doc. 13* at 2. Plaintiff alleges that Defendant Rosenthal stated that there was a "possible warrant" for Plaintiff's arrest and ordered him to exit the vehicle. *Id*. Plaintiff alleges that Defendant Rosenthal grabbed Plaintiff's arm, yanked him from the vehicle, and slammed him to the ground. *Id*. Plaintiff alleges that Defendant Rosenthal handcuffed him and left him on the ground, ignoring Plaintiff's cries of pain in his shoulder and arm. *Id.* at 2–3. Plaintiff alleges that Defendant Rosenthal accused Plaintiff of lying and dismissed the assessment by medical professionals that Plaintiff had a fractured clavicle. *Id*. at 3. Based on these factual allegations, Plaintiff asserts that Defendant Rosenthal "did in fact use excessive force" against Plaintiff, "did in fact discriminate against [Plaintiff] because he knew him previously," and "did in fact profile [Plaintiff] because he looked like someone he knew." *Id.* at 4. Plaintiff further asserts that Defendant Rosenthal "was at a breach of his duty because he ignored [Plaintiff's] complaints of pain . . . and failed to offer due care." *Id*.

After Defendant City of Clovis filed its Motion to Dismiss, Plaintiff filed a document captioned "Amended Complaint." *Doc. 22*. In substance, this document appears to have been written in response to the Motion to Dismiss. Plaintiff asserts that, "[a]s stated prior," he "did in fact name Timo Rosenthal[,] an employee of the City of Clovis Police Department[,] as a police officer and defendant" and that "a claim was

6

in fact stated against" Defendant Rosenthal. *Id.* at 1. Plaintiff restates his allegations against Defendant Rosenthal, including that Defendant Rosenthal used excessive force by slamming Plaintiff to the ground and harassed, profiled, and discriminated against him. *Id*. As noted below, the Court construes this filing, not as a pleading under Rule 8, but as a response to the Motion to Dismiss. Nonetheless, the arguments it presents are unavailing. Allegations against an individual law enforcement officer do not create a cause of action against the municipality that employs him under § 1983. Therefore, I recommend that Plaintiff's federal claim against Defendant City of Clovis be dismissed for failure to state a claim.

The inquiry does not end with § 1983, however. As the Court found, Plaintiff's Amended Complaint appears "to raise § 1983 claims and state law claims against all Defendants." *Doc. 14* at 3. While the Court declined to exercise supplemental jurisdiction over the state law claims against the unnamed emergency medical technician, Plains Regional Medical Center, and Karla Garcia Espinosa, it did not address the state law claims against Defendants Rosenthal and City of Clovis. *See id.* at 5–7. In contrast to federal law, New Mexico permits actions to proceed against governmental entities on the basis of *respondeat superior*. *See Silva v. New Mexico*, 745 P.2d 380, 385 (N.M. 1987). An entity may be held liable for the conduct of an employee acting in the scope of his duties when the entity has a legal right to supervise or control

the employee. *See Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 916 P.2d 1313, 1318 (N.M. 1996).

Plaintiff alleges that Defendant Rosenthal is an officer with the Clovis Police Department and was performing duties at a checkpoint stop when he used excessive force in arresting Plaintiff and then failed to provide medical care for Plaintiff's injury. *Doc. 13* at 1–4. Defendant City of Clovis does not raise any arguments to defeat Plaintiff's state law claim against it. Accordingly, I recommend that dismissal be denied as to Plaintiff's state law claim against Defendant City of Clovis.

### III. MOTION TO STRIKE

Defendant City of Clovis contends that Plaintiff's second "Amended Complaint" (filed at *doc. 22*) should be stricken because it is untimely pursuant to Rule 15(a)(1) and Plaintiff did not seek Defendants' consent or the Court's leave pursuant to Rule 15(a)(2).[1] *Doc. 23* at 4–5. Defendant City of Clovis further contends that, if the Court elects to construe Plaintiff's filing as a motion for leave to amend, it should deny such

---

[1] Federal Rule of Civil Procedure 15(a)(1) allows a party to amend his pleading once as a matter of course if certain temporal conditions are met. Fed. R. Civ. P. 15(a)(1). Otherwise, the party must obtain the written consent of opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2). The undersigned does not recommend resolution of this motion on the basis of untimeliness due to the fact that Plaintiff signed the document on a date which would have made it timely under the "prison mailbox" rule despite Plaintiff's failure to comply with the technical requirements of that rule. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005).

leave on grounds of futility,[2] because the "Amended Complaint" fails to resolve the deficiencies identified in the Motion to Dismiss. *Id.* at 5.

    As an amended complaint under Rule 8, Plaintiff's filing at doc. 22 is deficient for several reasons. At a minimum, a complaint must set forth (1) the grounds for this Court's jurisdiction; (2) the basis for the plaintiff's entitlement to relief; and (3) a demand for relief. Fed. R. Civ. P. 8(a). Upon reviewing Plaintiff's original complaint, the Court directed Plaintiff to "file a single, legible amended complaint" using the blank 42 U.S.C. § 1983 form that was sent to him on July 20, 2020. *Doc. 10* at 2–3. On September 21, 2020, Plaintiff filed his first Amended Complaint using the form as instructed. *Doc. 13*. Plaintiff's second "Amended Complaint" is a single handwritten paragraph that does not conform to the Court's official § 1983 form. *See generally doc. 22*. It is not divided into discrete claims, it does not address the grounds for the Court's jurisdiction or the legal authority for Plaintiff's claims (*e.g.*, it does not cite 42 U.S.C. § 1983), it includes fewer factual allegations than Plaintiff has presented in previous iterations of his complaint, and there is no demand for relief. In short, Plaintiff's second "Amended Complaint" does not comply with either the minimum requirements of Rule 8 or the Court's prior order directing amendment.

---

[2] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citations omitted).

Accordingly, I recommend Plaintiff's second "Amended Complaint" be stricken as an operative complaint and Plaintiff's first Amended Complaint (*doc. 13*) be reinstated as the operative complaint in this matter.  However, I recommend that the filing should not be stricken from the docket, but instead construed as a response to Defendant City of Clovis's Motion to Dismiss.  I further recommend that the Court order the Clerk's Office to revise the nomenclature on the docket to reflect the same.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT in part and DENY in part Defendant City of Clovis's Motion to Dismiss (*doc. 17*).

I further recommend that the Court GRANT IN PART Defendant City of Clovis's Motion to Strike (*doc. 23*) and ORDER the Clerk's Office to revise the docket to show Plaintiff's "Amended Complaint" (*doc. 22*) as a Response to Defendant City of Clovis's Motion to Dismiss (*doc. 17*).

Further, Plaintiff is hereby notified that any further amendments to his complaint will require that he seek leave of the Court in a motion that clearly explains the amendments he wishes to make and why such amendments were not included in his first Amended Complaint (*doc. 13*).  Any future amendment filed without seeking leave of the Court may be stricken without further notice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**